# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.  Defendant is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

**STATEMENT OF FACTS**

5.      In July 2016, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation seeking all FD-302 forms and communications related to the FBI's investigation of former Secretary of State Hillary Clinton's use of a non-State.gov email account.  After the FBI failed to respond to Plaintiff's FOIA request, Plaintiff sued.  *See Judicial Watch, Inc. v. U.S. Department of Justice*, 16-cv-2046-TSC (D.D.C., October 13, 2016).

6.      To date, the FBI has made 24 productions of records.  Instead of producing only FD-302 forms and communications, the FBI has been producing all records contained within the Hillary Clinton investigative file.  According to the FBI, it is now done processing all FD-302 forms and communications.  However, more records exist within the investigative file.

7.      Plaintiff believed the FBI would continue producing records to Plaintiff until the entire investigative file was processed and produced.  Plaintiff also believed after all non-exempt, responsive records were produced, Plaintiff would have the opportunity to challenge withholdings contained within more than just FD-302 forms and communications.  The FBI disagreed.

8.      Therefore, on July 25, 2018, Plaintiff submitted a FOIA request to the FBI, a component of Defendant, seeking the entire Hillary Clinton investigative file.

9. By letter dated July 26, 2018, the FBI acknowledged receiving Plaintiff's FOIA request and assigned it FOIPA Request Number 1411956-000.

10. By letter dated August 10, 2018, the FBI informed Plaintiff that its request is currently being processed and that records are available in the FBI's FOIA library on its website. The FBI also informed Plaintiff that the available records represent an interim release of information and that Plaintiff's FOIA request will remain open while monthly releases are placed on its website.

11. The FBI's response is not a final determination. It has not (i) produced all records responsive to Plaintiff's FOIA request or demonstrated that the requested records are lawfully exempt from production; (ii) notified Plaintiff of the scope of any responsive records the FBI intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination with respect to Plaintiff's FOIA request was due by August 23, 2018. At a minimum, Defendant was obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and

(iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

15. Because Defendant failed to determine whether to comply with Plaintiff's FOIA request, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 24, 2018 Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*